[609 NYS2d 664]

In the Matter of LESLIE IRA LEVINE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 4, 1994

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Etta M. Biloon* of counsel), for petitioner.

*Sydney, Seif & Amster,* New York City *(Sheldon Amster* and *Louis Gerstman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with three

allegations of professional misconduct. At the commencement of the hearing the petitioner withdrew Charge Two. The Special Referee sustained the remaining two charges. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent has submitted an affirmation in response to the motion to confirm.

Charge One alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting funds entrusted to him to be held in trust. By the terms of the last will and testament of Florence M. Dinnen, which was drafted and witnessed by the respondent in or about February 1976, the respondent was nominated as the executor of Ms. Dinnen's estate. Ms. Dinnen died on or about May 1, 1978. During the period June 1985 through April 1988 the respondent converted approximately $107,574.34 from the estate for his personal use.

Charge Three alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). By the terms of Ms. Dinnen's last will and testament, specific bequests were made to various individual legatees. Additionally, Ms. Dinnen's last will and testament named two charitable organizations, Columbia University and Catholic Charities of the Archdiocese of New York, as residuary legatees. Letters testamentary were issued to the respondent by the Westchester County Surrogate's Court in or about April 1979. As of August 1990, a period in excess of 12 years since the decedent's death, the respondent had not finalized the estate.

Based upon the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained Charges One and Three. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the personal hardships suffered by the respondent, his previously unblemished record in public and professional service, and his expressed remorse. The respondent is, nevertheless, guilty of serious professional misconduct which warrants his disbarment.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective

immediately, the respondent, Leslie Ira Levine, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys *(see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Leslie Ira Levine is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.